UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DARNELL DANIELS,

                Plaintiff,

-against-                         11-CV-4597 (SJF) (AKT)
                                                     **OPINION & ORDER**

JUDGE FERRELL, ATTORNEY STACEY ALBIN,
and ATTORNEY PAMELA R. ITZKOWITCH,

                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On September 19, 2011, *pro se* plaintiff Darnell Daniels ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Judge Ferrell,[1] Stacey Albin ("Albin") and Pamela R. Itzkowitch ("Itzkowitch") (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice.

II.    The Complaint

Plaintiff alleges, *inter alia*, that on September 14, 2011, Judge Ferrell violated his due process rights during the criminal proceeding against him by "ignoring" the speedy trial motion

---

[1]The Court takes judicial notice that defendant Ferrell refers to the Honorable Tricia M. Ferrell, a judge of the District Court of Nassau County, 10th Judicial District.

he filed *pro se* pursuant to Section 30.30 of the New York Criminal Procedure Law; that Itzkowitch, one of the counsel assigned to represent him in the criminal proceeding, "totaly [sic] mess[ed] [his] case up" and adjourned the case without his consent in order to entrap him; and that Albin, the attorney assigned to represent him in the criminal proceeding after Itzkowitch was relieved as his counsel, thereafter abandoned his case. (Compl., ¶ IV and attached exhibits). Plaintiff seeks compensation "for every day [he] spen[t] in jail" from September 14, 2011 until he was released on his own recognizance. (Compl., ¶ V).

III. Discussion

The *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

Nonetheless, a *pro se* plaintiff is still required to plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949. A plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, 604 F.3d at 120-1; see also Matson, 631 F.3d at 63 ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

### A. Immunity from Suit

Plaintiff's claim against Judge Ferrell is barred by the doctrine of absolute judicial

3

immunity, which allows claims for retroactive relief, including monetary damages, to proceed against judges only for: (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity;" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his authority." Mireles, 502 U.S. at 11, 112 S.Ct. 286 (quoting Stump, 435 U.S. at 356, 98 S. Ct. 1099).

Since plaintiff's claim against Judge Ferrell relates to actions taken in her judicial capacity, and he does not allege that Judge Ferrell acted outside of her role as a judicial officer or without jurisdiction, the complaint against Judge Ferrell is dismissed in its entirety with prejudice as barred by the doctrine of judicial immunity.

B. Failure to State a Claim

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . . .

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the

4

Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158 (2010), (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)(citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

Generally, attorneys, whether court-appointed or privately retained, are not state actors for purposes of Section 1983. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); see also Krug v. McNally, 368 Fed. Appx. 269, 269 (2d Cir. Mar. 8, 2010) (affirming dismissal of Section 1983 claims against privately retained attorneys who represented the plaintiff in criminal proceeding on basis that attorneys were not state actors); Brown v. Legal Aid Society, 367 Fed. Appx. 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of sate law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Accordingly, Albin and Itzkowitch are not state actors subject to liability under Section 1983.

Although liability may be imposed under Section 1983 upon private individuals who are not state actors, *inter alia*, pursuant to a conspiracy theory, see Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002), plaintiff does not allege any agreement between a state actor and Albin or Itzkowitch to act in concert to inflict an unconstitutional injury upon him, nor

any facts upon which such an agreement may be inferred. See id.; Ostensen v. Suffolk County, 236 Fed. Appx. 651, 653 (2d Cir. May 23, 2007). Accordingly, the complaint against Albin and Itzkowitch is dismissed in its entirety with prejudice.

IV. Conclusion

For the foregoing reasons, plaintiff's application for leave to proceed *in forma pauperis* is granted but the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to plaintiff at his address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

                                               Sandra J. Feuerstein
                                               United States District Judge

Dated: February 10, 2012
       Central Islip, New York